UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

PATRICK A. CARLONE,                                     Civil No. 09-190 (PJS/FLN)

        Plaintiff,

    v.                                                          **REPORT AND RECOMMENDATION**

GAGNON, INC.,

        Defendant.

_____

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). The matter has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff commenced this action on January 28, 2009, by filing a self-styled complaint and an IFP application. (Docket Nos. 1 and 2.) By order dated February 13, 2009, (Docket No. 5), the Court ruled that Plaintiff's IFP application "will not be granted at this time" because his complaint failed to state a claim on which relief could be granted. The Court found the complaint to be defective for several reasons, most notably, because there were no allegations showing that Plaintiff had exhausted his administrative remedies before filing his lawsuit. See Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (employment discrimination claimants must exhaust administrative remedies before filing suit in federal court). Plaintiff was directed to file an amended complaint that would

specifically show that he had indeed exhausted his administrative remedies.  (See Order dated February 13, 2009, [Docket No. 5], at p. 3 ("the Amended Complaint must show that Plaintiff has exhausted his available administrative remedies") [emphasis in the original order].)

On February 19, 2009, Plaintiff did file an amended complaint in this matter.  (Docket No. 7.)  However, the amended complaint, like the original pleading, includes no allegations pertaining to the exhaustion issue.  Because Plaintiff has made no effort to demonstrate that he has exhausted his administrative remedies, the amended complaint fails to state a cause of action on which relief can be granted.

The Court's prior order expressly warned Plaintiff that this action would be subject to summary dismissal, if he did not file an amended complaint showing that he had exhausted his administrative remedies.  Because Plaintiff has failed to comply with the prior order, the Court will now recommend that this action be summarily dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").  It will also be recommended that Plaintiff's IFP application be denied at this time.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

2

1.  Plaintiff's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket Nos. 2 and

8), be **DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 5, 2009

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 24, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.